```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

RONALD P. HURLEY, et al.,         :

    Plaintiffs,                   :

v.                                :   Civil Action No. GLR-12-462

ALLTITE GASKETS, et al.,          :

    Defendants.                   :

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Plaintiffs Ronald F. Hurley and Bonnie Hurley's (collectively the "Plaintiffs") Motion to Remand this civil action to the Circuit Court of Maryland for Baltimore City. (ECF No. 77). This action involves Plaintiffs' suit against numerous Defendants alleging liability for Mr. Hurley's exposure to asbestos, which ultimately led to his lung cancer diagnosis. The central question before the Court is whether Defendant General Electric's ("GE") Notice of Removal to this Court was timely. The issues have been fully briefed and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2011). For the reasons that follow, Plaintiffs' Motion to Remand will be DENIED.

**I.   BACKGROUND**

On January 13, 2011, Mr. Hurley sued General Electric ("GE") and 47 other companies in the Circuit Court of Maryland

for Baltimore City alleging numerous claims related to his asbestos exposure. (Compl. ¶¶ 1-12, ECF No. 2).

On January 19, 2011, GE was served with the Complaint. (Notice of Removal ¶ 2, ECF No. 1). The Complaint alleges that, at various times between 1962 and 2000, Mr. Hurley was employed as a pipefitter and supervisor at both Bethlehem Steel Sparrows Point and Bethlehem Steel Key Highway Shipyard. (Compl. ¶ 10). Thereafter, on January 17, 2012, Plaintiffs' counsel filed Plaintiffs' Answers to Defendants' Joint Interrogatories. (Notice of Removal ¶ 3). Those answers indicated, for the first time, the U.S. Navy vessels on which Mr. Hurley was allegedly exposed to asbestos. (Id.) The vessels identified were the U.S.S. Fort Snelling, the U.S.S. Canisteo, and the U.S.S. Caloosahatchee. (Id.)

On February 14, 2012, GE filed its Notice of Removal to this Court pursuant to 28 U.S.C. § 1442(a)(1), asserting that if it did manufacture the products at issue, it did so under contract with the U.S. Navy. (Id. ¶ 1). Before this Court is Mr. Hurley's Motion to Remand on the basis of untimely removal, filed on March 15, 2012.

## II.  DISCUSSION

**A.   Standard of Review**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States

2

have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading. 28 U.S.C.A. § 1446(a)-(b) (West 2012). If the case stated by the initial pleading is not removable, the defendant may remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3) (West 2012).

In determining when a defendant first had notice of grounds for removal, the Court must "rely on the face of the initial pleading and the documents exchanged in the case." Lovern v. Gen. Motors. Corp., 121 F.3d 160, 162 (4th Cir. 1997). The Court need not "inquire into the subjective knowledge of the defendant," but consider only whether grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper." Id. If "details [we]re obscured or omitted" or "inadequately . . . stated in the complaint," the defendant will not have been charged with knowledge of removability within 30 days of the initial pleading. Id.

**B.     Analysis**

    **1.  GE's Notice of Removal was timely**

The Court finds that GE's Notice of Removal was timely because removability was not apparent within the four corners of the Complaint.

As noted above, to remove a case, the defendant must file a notice of removal within 30 days of receiving the initial pleading.  28 U.S.C.A. § 1446(b) (West 2012).  If the case stated by the initial pleading is not removable, however, the defendant may remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C.A. § 1446(b)(3) (West 2012).

Here, GE's Notice of Removal was filed under the federal officer removal statute.[1]  GE contends that its removal was timely because it was filed within 30 days of receiving Mr. Hurley's answers to interrogatories.  (Def.'s Opp'n to Pls.' Mot. to Remand at 3 ["Def.'s Opp'n"], ECF No. 78).  GE asserts that those answers identified, for the first time, the exact Navy ships aboard which Mr. Hurley alleges asbestos exposure.

---

[1] The federal officer removal statute authorizes removal of "civil action[s] . . . commenced in a State court . . . against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof . . . relating to any act under color of such office."  28 U.S.C.A. § 1442(a)(1) (West 2012).

4

(Id. at 2). Thus, GE avers that the 30 day clock did not start ticking until it was served with the answers to interrogatories, which was the first time GE was given knowledge that federal officer removability was available. (Id. at 5). The answers to interrogatories were served on GE on January 17, 2012. (Notice of Removal ¶ 2). The Notice of Removal was filed less than 30 days later on February 14, 2012. (Def.'s Opp'n at 5).

Conversely, Plaintiffs maintain that GE's receipt of the Complaint gave it sufficient knowledge to ascertain that the case was removable. (Mot. to Remand at 3, ECF No. 77). Plaintiffs' argument is without merit, however, because a perfunctory review of the Complaint reveals Plaintiffs merely outlined where Mr. Hurley was employed, what dates he was employed, and the positions he held. (Compl. ¶¶ 9-10). Plaintiffs omitted details of the triangular nexus between Mr. Hurley, GE, and the U.S. Navy Vessels allegedly a part of the asbestos exposure. Moreover, because the Complaint never uses the word "Navy," GE could not have known from the initial pleading that the action was removable under the federal officer statute. See Lovern, 121 F.3d at 162. The removal was, therefore, timely pursuant to 28 U.S.C. § 1446(a)-(b).

   **2. GE's burden in determining removability**

The Court also finds that the Notice of Removal was timely because GE does not bear the burden of conducting outside

research in order to ascertain whether the Complaint is removable.

The U.S. Court of Appeals for the Fourth Circuit was clear when it explained that a court shall only rely on the face of the initial pleading. Lovern, 121 F.3d at 162. The Lovern court explained that courts will not be required to inquire into the subjective knowledge of the defendant. Id. The grounds for removal must be apparent within the four corners of the initial pleading. Id.

Plaintiffs argue that the initial Complaint made grounds for removal ascertainable and thus, GE was on inquiry notice that this action was subject to removal. (Mot. to Remand at 4). This contention, however, is unsupported by case law.[2] As the last arrow in their quiver of arguments, Plaintiffs maintain that a transcript of Mr. Hurley's deposition, taken more than a decade prior to commencement of this action, detailed the ships on which the asbestos exposure allegedly occurred and was readily available to GE. The Court finds that this argument is

---

[2] Courts outside of the Fourth Circuit have explained that defendants do not bear the burden of using resources outside the complaint to ascertain removability. See Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035 (10th Cir. 2008) ("notice ought to be unequivocal"; grounds for removal "should not be ambiguous" or "require[] an extensive investigation") (internal quotation marks omitted); see also Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001) (although the defendant must "apply a reasonable amount of intelligence in ascertaining removability," the defendant need not "look beyond the initial pleading for facts giving rise to removability").

without merit, however, because GE was not a named defendant in the case where the referenced deposition was taken. At bottom, Plaintiffs' Complaint fails to include details as to how GE was involved in contributing to Mr. Hurley's alleged harm. To be sure, the Complaint does not include any allegations which would have informed GE that the harm occurred from contact with GE products placed there pursuant to government contracts GE entered into with the U.S. Navy. For these reasons, the Court finds that GE was not charged with the burden of ascertaining this action's removability and, consequently, DENIES Plaintiffs' Motion to Remand.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand (ECF No. 77).

Entered this 5th day of October, 2012

/s/
_____
George L. Russell, III
United States District Judge