UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 1, 2014

MEMORANDUM TO COUNSEL RE:   Carol Johnson Harper, et al. v. Anchor Packing Company, et al.
Civil Action No. GLR-12-460

Ronald F. Hurley, et al. v. Anchor Packing Company, et al.
Civil Action No. GLR-12-462

Dear Counsel:

      Pending before the Court are Plaintiffs' Motions for Reconsideration of the Court's May 27, 2014 Orders granting Defendant's, General Electric Company ("GE"), Motions for Summary Judgment. (Carol Johnson Harper, et al. v. Anchor Packing Company, et al., No. GLR-12-460 ["Harper"], ECF No. 637); (Ronald F. Hurley, et al. v. Anchor Packing Company, et al., No. GLR-12-462 ["Hurley"], ECF No. 469). The Court, having reviewed the Motions and supporting documents, finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reason stated below, the Court will deny Plaintiffs' Motions.

      On May 27, 2014, the Court issued Orders granting GE's Motions for Summary Judgment because Plaintiffs proffered no evidence from which a reasonable jury could conclude GE manufactured or supplied asbestos-containing products that were a substantial factor in causing Mr. Harper's and Mr. Hurley's injuries. (See Harper, ECF No. 626); (Hurley, ECF No. 461). On June 24, 2014, Plaintiffs filed Motions for Reconsideration of the Orders. GE has filed memoranda in opposition to the Motions (Harper, ECF No. 645); (Hurley, ECF No. 473), but Plaintiffs have not replied.

      A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). This rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b).

      Although the standard used to alter or amend a final judgment pursuant to Rule 59(e)[1] is not binding in an analysis of Rule 54(b) motions, see Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003), the Court will use the Rule 59(e) standard as guidance for evaluating the instant Motions, see Beyond Sys., Inc. v. Kraft Foods, Inc., No. PJM-08-409, 2010 WL 3059344, at

---

[1] Rule 59(e) governs motions to alter or amend a final judgment that are filed within 28 days after entry of the judgment. See Fed.R.Civ.P. 59(e).

*2 (D.Md. Aug. 4, 2010) (using the Rule 59(e) standard as guidance to evaluate a motion for reconsideration of an interlocutory order). Pursuant to Rule 59(e), a district court may alter or amend a final judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law [or] prevent manifest injustice." McLaughlin v. Murphy, 372 F.Supp.2d 465, 476 (D.Md. 2004) (quoting United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002)).

The Court concludes Plaintiffs have failed to satisfy any of the three conditions for reconsideration set forth by the United States Court of Appeals for the Fourth Circuit. Therefore, Plaintiffs' Motions for Reconsideration (Harper, ECF No. 637; Hurley, ECF No. 469) are DENIED.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge