UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

August 1, 2014

MEMORANDUM TO COUNSEL RE:  Carol Johnson Harper, et al. v. Anchor Packing Company, et al.
Civil Action No. GLR-12-460

Ronald F. Hurley, et al. v. Anchor Packing Company, et al.
Civil Action No. GLR-12-462

Dear Counsel:

Pending before the Court are Defendant's, Paramount Packing & Rubber, Inc. ("Paramount"), Federal Rule of Civil Procedure 54(b) Motions for Reconsideration of the Court's February 11 and March 6, 2014 Orders granting in part and denying in part Paramount's Motions for Summary Judgment. (Carol Johnson Harper, et al. v. Anchor Packing Company, et al., No. GLR-12-460 ["Harper"], ECF No. 612); (Ronald F. Hurley, et al. v. Anchor Packing Company, et al., No. GLR-12-462 ["Hurley"], ECF No. 449). Also pending before the Court are Plaintiffs' Motions to Strike Paramount's Motions.[1] The Court, having reviewed the Motions and supporting documents, finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). The Court will grant Paramount's Motions and enter summary judgment in their favor in order to correct an error of law.

On February 11 and March 6, 2014, the Court issued Orders granting summary judgment with respect to Counts I, II, IV, and V, but denying summary judgment with respect to Count III (strict products liability), finding there was a genuine dispute as to whether exposure to Johns-Manville pipecovering that Paramount supplied was a substantial factor in causing Mr. Harper's and Mr. Hurley's injuries. (Harper, ECF No. 608); (Hurley, ECF No. 446). On March 13 and April 1, 2014, Paramount filed Motions for Reconsideration of the Orders. (Harper, ECF No. 612); (Hurley, ECF No. 449). Plaintiffs have moved to strike the Motions (Harper, ECF No. 613); (Hurley, ECF No. 451), but Paramount has not responded.

Paramount argues the Court misread the invoices Plaintiffs submitted in support of their oppositions to Paramount's Motions for Summary Judgment and this misreading led the Court to commit an error of law. Plaintiffs argue Paramount's Motions are untimely and meritless.

---

[1] The Court will construe these Motions to Strike as memoranda in opposition to Paramount's Motions for Reconsideration.

Because the Court agrees it misread the invoices, which led to an error of law, it will not only consider, but also grant, Paramount's untimely Motions.

Local Rule 105.10 states that "except as otherwise provided in Fed. R. Civ. P. . . . 59 . . . any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." Local Rule 105.10 (D.Md. 2014). It is undisputed that Paramount filed its Motions for Reconsideration more than fourteen days after the Court's Orders. Local Rule 604, however, permits the Court to suspend the provisions of any of the Local Rules "for good cause shown." Local Rule 604 (D.Md. 2014). The Court's error of law constitutes good cause to consider Paramount's untimely Motions because the "ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)). Also, because this Court uses the Rule 59(e) standard as guidance when evaluating Rule 54(b) motions, see, e.g., Beyond Sys., Inc. v. Kraft Foods, Inc., No. PJM-08-409, 2010 WL 3059344, at *2 (D.Md. Aug. 4, 2010), the Court's error of law permits it to alter its prior Orders, see Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (stating that pursuant to Rule 59(e), one of the grounds under which a court may alter an earlier judgment is to "correct a clear error of law").

The Court's Error of Law

The Court's reasoning for denying summary judgment with respect to Count III was predicated upon reading Plaintiffs' invoices as showing sales of Johns-Manville pipecovering. Upon reexamining the invoices, however, they clearly show sales of Johns-Manville packing, not Johns-Manville pipecovering. Consequently, there are three reasons why the Court committed an error of law.

First, a defendant cannot be liable, under a strict products liability theory, for products that it did not manufacture or supply. See Christian v. Minn. Mining & Mfg. Co., 126 F.Supp.2d 951, 958 (D.Md. 2001) (stating that under Maryland law, in order to hold the defendant liable for strict products liability, the "Plaintiffs must prove that Defendant actually manufactured or distributed the product which purportedly caused plaintiff's injury"); see also Eagle-Picher Indus., Inc. v. Balbos, 604 A.2d 445, 462 (Md. 1992) (finding no substantial factor causation where there was no evidence that the defendant supplied the Johns-Manville material that allegedly caused the plaintiff's injuries). Therefore, because there is no evidence that Paramount supplied Johns-Manville pipecovering, Paramount cannot be liable for any injuries that product may have caused.

Second, although the invoices show sales of Johns-Manville packing, even assuming, without finding, Plaintiffs produced evidence that Mr. Harper and Mr. Hurley were regularly exposed to packing, no witness specifically identifies Johns-Manville packing as a product that was used at the Shipyard. In order to raise a genuine dispute as to substantial factor causation, the plaintiff or a witness must identify the specific type of asbestos-containing product the defendant manufactured and/or supplied as a product that was frequently used in an area where the plaintiff regularly worked. See Balbos, 604 A.2d at 461 (finding substantial factor causation where a witness identified Eagle Picher's Eagle 66 cement as a product that was frequently used in the engine rooms where the plaintiff regularly worked); Owens-Corning Fiberglas Corp. v.

Garrett, 682 A.2d 1143, 1156-57 (Md. 1996) (finding substantial factor causation where two witnesses identified Owens-Corning's Kaylo pipecovering and block insulation as two of the specific products that were frequently used in the boiler room where the plaintiff regularly worked); Roehling v. Nat'l Gypsum Co. Gold Bond Bldg. Prods., 786 F.2d 1225, 1227-29 (4th Cir. 1986) (finding substantial factor causation where three witnesses identified Owens-Illinois's Kaylo block insulation and National Gypsum's Gold Bond cement as two of the specific products that were frequently used in the boiler room where the plaintiff regularly worked); Shetterly v. Raymark Indus., 117 F.3d 776, 781-82 (4th Cir. 1997) (finding substantial factor causation where a witness testified that Raymark's Raybestos cloth was frequently dispensed in the storeroom where the plaintiffs regularly obtained materials). Here, no witness identifies Johns-Manville packing as a product that was frequently used in the areas where Mr. Harper or Mr. Hurley regularly worked.

Finally, invoices showing sales of a product are not sufficient to create a genuine dispute as to substantial factor causation when there is "no evidence to show when or where [that] product[] [was] used." Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1163 (4th Cir. 1986). Here, Plaintiffs do not produce any evidence as to when or where Johns-Manville packing was used at the Shipyard. Plaintiffs' invoices only demonstrate that Paramount sold Johns-Manville packing to the Shipyard during the years Mr. Harper and Mr. Hurley worked there. "[W]hen one considers the size of a workplace such as Key Highway Shipyard, the mere proof that the plaintiff and a certain asbestos product are at the shipyard at the same time, without more, does not prove exposure to that product." Id. at 1162.

Accordingly, because the Court committed an error or law, Paramount's Motions for Reconsideration (Harper, ECF No. 612); (Hurley, ECF No. 449) are GRANTED and Paramount's Motions for Summary Judgment (Harper, ECF No. 597); (Hurley, ECF No. 356) are GRANTED with respect to Count III in both cases. Plaintiffs' Motions to Strike (Harper, ECF No. 613); (Hurley, ECF No. 451) are DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and terminate Paramount from both cases.

                                            Very truly yours,

                                            /s/
                                           _____

                                            George L. Russell, III
                                            United States District Judge